**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 25-4399**

───────────

UNITED STATES OF AMERICA,

　　　　　　Plaintiff - Appellee,

　　v.

ESTEBAN COLON PACHECO,

　　　　　　Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Donald C. Coggins, Jr., District Judge.  (6:23-cr-00614-DCC-1)

───────────

Submitted:  March 26, 2026　　　　　　　　　　　Decided:  March 31, 2026

───────────

Before RICHARDSON and BERNER, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

───────────

**ON BRIEF:**  Elizabeth Franklin-Best, ELIZABETH FRANKLIN-BEST, P.C., Columbia, South Carolina, for Appellant.  Jamie L. Schoen, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Esteban Colon Pacheco pleaded guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute and to distribute methamphetamine and cocaine, in violation of 21 U.S.C. §§ 841(a)(l), (b)(l)(A), (b)(l)(C), 846; possession of a machine gun in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 921(a), 924(c)(1)(B)(ii), 26 U.S.C. § 5845(b); and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(l), (b)(l)(A). The district court sentenced Pacheco to 276 months' imprisonment. On appeal, Pacheco's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether Pacheco's guilty plea is valid and whether his sentence is procedurally and substantively reasonable. Though notified of his right to do so, Pacheco has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal based on the appeal waiver in Pacheco's plea agreement. We affirm in part and dismiss in part.

Pacheco's waiver of appellate rights does not prevent our review of the validity of the plea itself. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). We review the adequacy of the Fed. R. Crim. P. 11 plea colloquy for plain error. *See United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (stating standard of review); *see also Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing plain error standard). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charge to which he is pleading, the applicable maximum and mandatory minimum penalties he faces, and, if applicable, the

2

terms of any plea agreement waiving the right to appeal. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Here, the district court conducted a thorough and complete Rule 11 hearing. We therefore conclude that Pacheco entered his plea knowingly and voluntarily and that a factual basis supported the plea.

With respect to Pacheco's waiver of his appellate rights, "[w]e review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *McCoy*, 895 F.3d at 362 (internal quotation marks omitted). Our review of the record confirms that Pacheco knowingly and intelligently waived his right to appeal his conviction and sentence except in a limited set of circumstances inapplicable here. We therefore conclude that the waiver is valid and enforceable and that the sentencing issues counsel raises in the *Anders* brief fall squarely within the scope of the waiver.

3

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant the Government's motion to dismiss in part, dismiss the appeal of all issues within the scope of the appellate waiver, and affirm the remainder of the judgment. This court requires that counsel inform Pacheco, in writing, of the right to petition the Supreme Court of the United States for further review. If Pacheco requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pacheco. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4